**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Celebrian Evenstar Burkart, | No. CV-20-08326-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Celebrian Evenstar Burkart's Application for Disability Insurance Benefits by the Social Security Administration under the Social Security Act. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 17, Pl. Br.), Defendant Social Security Commissioner's Answering Brief conceding that the Administrative Law Judge ("ALJ") committed legal error and requesting remand pursuant to 42 U.S.C. § 405(g) (Doc. 21, Def. Br. & Mot.), and Plaintiff's Reply Brief (Doc. 22, Reply). The only question before the Court is whether Plaintiff's claim must be remanded for further proceedings or for an award of benefits. Because the Court finds that the three factors for the credit-as-true test are met, the Court reverses the ALJ's decision as upheld by the Appeals Council and remands this case to the Social Security Administration for a calculation of benefits.

I.  **BACKGROUND**

On April 7, 2017, Plaintiff applied for Disability Insurance Benefits under Title II of the Social Security Act ("the Act"), alleging disability beginning February 15, 2015. (Doc. 14, R. at 21.) After Plaintiff's application was denied initially and on reconsideration, she requested a hearing, which was held on July 6, 2020. (R. at 35–68.) On August 4, 2020, an ALJ issued a decision denying Plaintiff's claims. (R. at 21–29.) On October 5, 2020, the Appeals Council upheld the ALJ's decision. (R. at 1–3.)

The Court has reviewed the medical evidence in its entirety, and the pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ found that Plaintiff has severe impairments of fibromyalgia, bilateral carpal tunnel syndrome, lumbar degenerative disc disease, and obesity. (R. at 23.) The ALJ concluded Plaintiff has the Residual Functional Capacity ("RFC") to perform her past relevant work as a financial institution manager or customer service representative, such that Plaintiff is not disabled under the Act. (R. at 21–29.)

In response to Plaintiff's Opening Brief, Defendant conceded that the ALJ erred in evaluating medical opinion evidence and moved to remand, arguing that the present record leaves doubt as to whether Plaintiff is disabled under the Act. In her Reply, Plaintiff argues that no outstanding issues remain and the Court should find Plaintiff disabled under the Act and remand for a calculation of benefits.

II. **LEGAL STANDARDS**

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and

may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

**III.   ANALYSIS**

In her Opening Brief, Plaintiff raised two arguments for the Court's consideration: (1) the ALJ erred in rejecting Plaintiff's symptom testimony; and (2) the ALJ erred in rejecting the assessments of Plaintiff's treating physician, Paul H. Venger, M.D. (Pl. Br. at 1.) In its responsive brief, Defendant agreed that the ALJ erred but moves the Court to

remand this matter for reconsideration because there is conflicting medical evidence in the record. (Def. Br. & Mot. at 7–10.) In reply, Plaintiff argues that remand for a computation of benefits is appropriate here, because the record has been fully developed and, when crediting the improperly discredited evidence as true, no serious doubt as to Plaintiff's disability remains. (Reply at 5–7.)

The "credit-as-true" rule, which would result in remand of Plaintiff's case for payment of benefits rather than for further evidentiary proceedings, applies when three elements are present. *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1099–1102 (9th Cir. 2014). First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id*. at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id.* at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id*. Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id*. (citations omitted).

Defendant concedes that the ALJ erred in weighing the medical records and evaluations of Plaintiff's treating physician, Dr. Venger. (Def. Br. & Mot. at 7.) Defendant argues that remand is the appropriate remedy because the opinion of a nonexamining state agency reviewing consultant—who the ALJ fails to even identify but the record reveals is Deborah Wafer, M.D.—conflicts with Dr. Venger's assessment.

First, the Court notes that the ALJ's opinion is almost entirely devoid of analysis as to the "conflicting" medical opinions, and it is entirely devoid of relevant citation to the medical record. Accordingly, remand is unquestionably appropriate. But the conflict Defendant points to between the opinions of Dr. Venger, Plaintiff's treating physician, and Dr. Wafer, who evaluated eight months of Plaintiff's medical records in 2017 and never

examined Plaintiff, is not a conflict meriting remand for further proceedings, because Dr. Wafer's opinion is not supported by substantial evidence in the record.

Although much ado is now being made regarding the Ninth Circuit's recent opinion in *Woods v. Kijakazi*, --- F. 4th ---, 2022 WL 1195334 (9th Cir. Apr. 22, 2022), the court's guidance in that case does not change the outcome in this one. In brief, in 2017, the Social Security Administration amended the regulations for evaluating medical evidence, *see* Revisions to Rules Regarding Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017), and the Ninth Circuit recently addressed the effect of those new regulations in *Woods*. Because Plaintiff in this case filed her application for benefits after the effectivity date of the new regulations, they (and *Woods*) apply to her claim.

Under the old regulations, "[t]he law in the Ninth Circuit [was] that, although the ALJ must consider all medical opinion evidence, there is a hierarchy among the sources of medical opinions. Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians." *Latahotchee v. Comm'r of Soc. Sec. Admin.*, No. CV-19-05668-DWL, 2021 WL 267909, at *4 (D. Ariz. Jan. 27, 2021) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)). Based on this hierarchy, the Ninth Circuit consistently ruled that an ALJ may only reject an examining physician's opinion by providing "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

The 2017 regulations provide that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion . . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions . . . are supportability . . . and consistency." 20 C.F.R. § 404.1520c(a). Other factors, which an ALJ "may, but [is] not required to[ ] explain" when evaluating the persuasiveness of a medical opinion, are the medical source's "relationship with the claimant," "specialization," "familiarity with the other evidence in the claim," and "understanding of our disability program's policies and evidentiary requirements." *Id.* § 404.1520c(b)(2), (c).

Thus, in *Woods*, the Ninth Circuit held that the revised regulations "are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant." *Woods*, at *6. Likewise, the Ninth Circuit held its requirement that ALJs provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion is incompatible with the revised regulations. *Id.* Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must provide an explanation—that is, reasons—supported by substantial evidence. *Id.* This means that the ALJ "must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how it considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

The ALJ's evaluation of state agency reviewing consultant Dr. Wafer's opinion in this case consisted in its entirety of the following, without any citation to the medical record: "As this opinion is consistent with and supported by the course of medical treatment, it is persuasive." (R. at 28.) As Plaintiff points out in her briefs, a closer examination of Dr. Wafer's opinion reveals it is based on medical records over a mere eight-month period, from April to December 2017. (R. at 93.) The Court agrees with Plaintiff that, as such, Dr. Wafer's opinion "could not be consistent and supported by this record when considered as a whole," and indeed Dr. Wafer "could not very well be expected to present a supporting explanation based on evidence she never saw," including Dr. Venger's treatment and assessment of Plaintiff. (Pl. Br. at 18.) To the extent Dr. Wafer relied on medical evidence in the record to form her opinion, she cited the examination report of Robert K. Gordon, D.O., which the ALJ himself found "unpersuasive." (R. at 28.) In sum, Dr. Wafer's opinion is not based on substantial evidence in the record such that it carries sufficient weight to create a "conflict" with the assessment of Plaintiff's treating physician—or, for that matter, with Plaintiff's symptom testimony—warranting a remand for further proceedings.

By contrast, Dr. Venger based his assessment on his regular treatment of Plaintiff. The ALJ's additional reasons for discounting Dr. Venger's opinion included that "Dr. Venger also noted that the claimant's pain is adequately managed on maintenance medication" and that she "has only received conservative care." (R. at 28.) Aside from the pain management treatment Plaintiff has received for fibromyalgia and other conditions, the ALJ fails to identify what other treatment has been recommended but refused, and a review of the record reveals none. To the extent the ALJ is implying that Plaintiff had "no recent treatment" (R. at 27), the record does not support that conclusion either. Plaintiff sought monthly pain treatment (R. at 674, 797), even though she had to "self-pay" because she had no applicable health insurance. Further, the Court agrees with Plaintiff that prescription narcotic medication—especially as here, where pain management *is* the medical treatment—is not by its nature "conservative care." *See Joseph S. v. Saul*, No. CV-19-03375-PHX-DGC, 2020 WL 1694737, at *5 (D. Ariz. Apr. 7, 2020) ("[T]he fact that physicians willingly prescribed drugs . . . indicated that they believed the claimant's symptoms were real . . . . [P]owerful pain medication—and that the physicians were willing to prescribe this course of treatment—reflect that [the claimant's] symptoms cause him real problems." (internal citation omitted)). The ALJ again failed to give an adequate reason supported by substantial evidence in the record to reject Dr. Venger's opinion.

The ALJ also stated that Dr. Venger's opinion that Plaintiff could only sit for three hours of any eight-hour work-day, could only stand/walk for two hours out of an eight-hour work-day, and is severely limited by pain and fatigue was contradicted by Plaintiff's ability "to take care of two young children and perform household chores." (R. at 28.) Caring for two children and doing certain chores within Plaintiff's functional limitations is entirely conceivable, and the ALJ provided no specific explanation of the activities Plaintiff engages in or the conflict between them and Dr. Venger's functional assessment, which is error. *See Zevelin v. Colvin*, 778 F.3d 842, 848 (9th Cir. 2014). An unsupported statement by the ALJ is not sufficient by itself to create a conflict warranting further administrative proceedings. *See Dodge v. Comm'r. of Soc. Sec. Admin.*, No. CV-16-02117-PHX-SRB,

Order, Doc. 24 at 12 (D. Ariz. Aug. 25, 2017) (rejecting agency request for remand for further administrative proceedings and remanding for payment of benefits based on medical opinion evidence, noting "the need for further proceedings and the desire for a second chance to explain oneself are not coterminous. While Defendant seeks the latter, the law only facilitates the former." (citing *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014))).

Because the ALJ cited no reasons supported by substantial evidence in the record to reject Dr. Venger's opinion, it must be credited. Conversely, the assessment of Dr. Wafer was not supported by substantial evidence in the record. The Vocational Expert testimony shows that proper consideration of Plaintiff's substantiated functional limitations would have resulted in a finding of disability. (R. at 64–66.) Because there are no actual conflicts or ambiguities that must be resolved with further administrative proceedings and the Court is left with no doubt that Plaintiff is disabled under the Act, the Court will remand this matter for a calculation of benefits. *See Garrison*, 759 F.3d at 1021–23.

**IT IS THEREFORE ORDERED** granting in part Defendant's Motion to Remand (Doc. 21).

**IT IS FURTHER ORDERED** reversing the August 4, 2020 decision of the Administrative Law Judge (R. at 21–29), as upheld by the Appeals Council on October 5, 2020 (R. at 1–3).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for a calculation of benefits.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 11th day of May, 2022.

Honorable John J. Tuchi
United States District Judge